UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Abingdon Division

---

| | |
|---|---|
| **HENRIETTA WARNER**, | : |
| *Individually and on behalf of All Others Similarly Situated*, | : Civil Action No. _____ |
| Plaintiff(s), | : |
| v. | : |
| **AMEDISYS HOLDING, L.L.C.**, 3854 American Way, Suite A, Baton Rouge, LA 70816 | : |
| Serve:  R/A **Corporation Service Company** 100 Shockoe Slip Fl 2 Richmond, VA 23219 | : |
| Defendant. | : **JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW, the Plaintiff Henrietta Warner ("Plaintiff"), by and through her undersigned counsel, and moves this Honorable Court for judgment against the Defendant, Amedisys Holding, LLC ("Defendant"), for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"). Plaintiff states the following as her claims against Defendant:

## OVERVIEW

1. Plaintiff brings claims to recover unpaid overtime compensation under the FLSA. She brings these claims on her own behalf, and as a collective action on behalf of all current or former similarly situated home health aides and/or personal care assistants, who may choose to opt into this action under 29 U.S.C. § 216(b).

2.      As described below, Defendant failed to pay Plaintiff and those similarly situated 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek. By doing so, Defendant has violated the FLSA.

## PARTIES

1.      Plaintiff is, and at all times relevant hereto has been, an adult resident of the Commonwealth of Virginia, specifically residing in Lebanon, Virginia, which is located in Russell County.

2.      Plaintiff was a former employee of Defendant as a licensed practical nurse ("LPN(s)") from approximately April 27, 2020 to December 1, 2020.

3.      Pursuant to 29 U.S.C. § 216(b), Plaintiff consents in writing to be a party to the FLSA claims asserted. Plaintiff's consent form is attached as **Exhibit A** and incorporated herein by such reference.

4.      Plaintiff and those similarly situated are or were employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

5.      Defendant is a Louisiana limited liability company and registered with Virginia's State Corporation Commission as a foreign entity authorized to transact business in the Commonwealth of Virginia. Defendant's principal office is located at 3854 American Way, Suite A, Baton Rouge, LA, 70816. Defendant's Application for a Certificate of Registration and associated documents are attached hereto as **Exhibit B** and incorporated herein by such reference.

6.      Defendant, listed on Plaintiff's IRS Form W2, is the holding company of Amedisys, Inc., a leading provider of home health, hospice and personal care for children and adults, including in the Commonwealth of Virginia, and related companies.

7.      Defendant is or has been an enterprise engaged in commerce or in the production of goods

or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon information and belief, has had an annual gross volume of sales made or business done of not less than $500,000.00 at all relevant times hereto.

8. At all times, Defendant decided to not pay Plaintiff and other similarly situated employees at the FLSA required time-and-one-half rate for overtime hours employees worked over forty (40) each week.

9. At all relevant times hereto, Defendant has been an "employer" of both Plaintiff and those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203(d).

10. Plaintiff and those similarly situated were individual employees engaged in commerce or in the production of goods or services for commerce pursuant to 29 U.S.C. § 207.

11. Plaintiff worked principally in Fairfax County, Virginia while working as an employee of Defendant.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, because Plaintiff's claims arise under the Fair Labor Standards Act.

13. This Court has personal jurisdiction over Defendant because Defendant is registered as a foreign entity to do business in the Commonwealth of Virginia, and regularly conducts business in the Commonwealth of Virginia. See **Exhibit B**.

14. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District and Division.

## STATEMENT OF FACTS

15. Plaintiff and those similarly situated work or worked for Defendant as LPNs providing Defendant's patients with shots, medication, IVs, and general nursing assistance (e.g., checking

vitals).

16. Defendant knowingly caused and permitted Plaintiff and those similarly situated to regularly work more than forty (40) hours in workweeks.

17. At all times, Defendant decided to not pay Plaintiff and other similarly situated employees at the FLSA required time-and-one-half rate for overtime hours employees worked over forty (40) hours each week.

18. In fact, Defendant did not pay Plaintiff and other similarly situated employees an hourly rate or salary. Instead, Defendant instituted a payroll structure in which it paid Plaintiff and other similarly situated employees per patient visit for providing services at a patient's home.

19. For each patient, Plaintiff and other similarly situated employees were paid a mere $25.00 per patient visit irrespective of how long the patient visit took or length of travel time it took to arrive at the patient's home or time to took to travel between patients' homes in a given day.

20. In addition, for at least one weekend per month, Plaintiff and other similarly situated employees were required to be "on call"; specifically, the forty-eight (48) hours spanning from Friday evening to Sunday evening. If Plaintiff and other similarly situated employees did not see a patient during the period when they were "on call", Plaintiff and other similarly situated employees were paid a mere $25.00 per day ($50.00 for two full days (Friday – Saturday evening ($25); Saturday – Sunday evening ($25)).

21. Defendant instituted this payroll scheme in an attempt to circumvent paying overtime. As such, this was an intentional and institutionalized structure.

22. During her employment with Defendant, Plaintiff often worked between approximately fifty (50) to fifty-two (52) (or more) hours per week, plus at least an additional forty eight (48) hours of overtime per month (over the span of one week) when she was "on call" during the

weekend (Friday evening through Sunday evening).

23. At all times, Defendant has had actual knowledge of all hours Plaintiff worked because: (1) Plaintiff informed Defendant of the long hours she was working and inquired about overtime pay; and (2) Defendant set Plaintiff's schedule and required her to be "on call" for at least one weekend per month.

24. Plaintiff and those similarly situated were not compensated in accordance with the FLSA because they were not paid proper overtime wages and the required time-and-one-half rate for all hours more than forty (40) per workweek.

25. Specifically, rather than paying them at the time-and-one-half rate for all hours worked over forty (40) in a workweek, which is required by the FLSA, Defendant only paid Plaintiff and those similarly situated $25.00 per patient visit, without consideration of the length of the visit or travel of the visit, and a mere $25.00 per day during the period they were "on call" and did not see a patient. *See* 29 U.S.C. § 207.

26. At all times during Plaintiff's period of employment, Defendant knew or should have known about the FLSA time-and-one-half overtime rate requirement.

27. Defendant knew or should have known that its failure to pay Plaintiff and those similarly situated at the FLSA required time-and-one-half rate for overtime hours worked more than (40) per week constituted a direct violation of the FLSA overtime pay requirement.

### COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff brings this action individually and on behalf and all similarly situated individuals.

29. Plaintiff seeks certification of the following FLSA collective:

> All current or former exempt or non-exempt healthcare workers, or other similar job titles, including LPNs, who work or have worked for Defendant, and, at any time during the three years prior to the filing of this Complaint through the entry of judgment, worked more than forty (40) hours in a week and were not paid by

5

        Defendant at the time-and-one-half rate for overtime hours worked more than forty (40) in that week (the "FLSA Collective").

30.     Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at a rate of time-and-one-half an employee's regular rate of pay for hours worked over forty (40) in a workweek.

31.     Since April 27, 2020 (and possibly earlier for those similarly situated), Defendant paid Plaintiff and those similarly situated at a rate of less than $27.63 per hour.

32.     Since April 27, 2020 (and possibly earlier for those similarly situated), Plaintiff and those similarly situated has or have worked more than forty (40) hours per workweek for Defendant without receiving proper overtime compensation for their overtime hours worked.

33.     Because of Defendant's failure to pay Plaintiff and those similarly situated the overtime compensation required by law, Defendant has violated the provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2).

34.     Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the FLSA Collective proper overtime compensation for all hours worked by employees over forty (40) per workweek.

## CAUSE OF ACTION

### UNPAID OVERTIME WAGES
### FAIR LABOR STANDARDS ACT – 29 U.S.C. § 201, *et seq.*
(On Behalf of Plaintiff and the FLSA Collective against Defendant)

35.     Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all paragraphs of this Complaint.

36.     Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at a time-and-one-half rate of an employee's regular rate of pay for hours worked over forty (40) in a workweek.

37.     Pursuant to the FLSA, 29 U.S.C. § 213, at all relevant times, Plaintiff and those similarly situated were not "exempt employees" under the FLSA.

38.     Defendant suffered and permitted Plaintiff and those similarly situated to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the FLSA, 29 U.S.C. § 201 *et seq*. and its implementing regulations.

39.     Defendant knew, or showed reckless disregard of the fact, that it failed to pay these individuals proper overtime compensation in violation of the FLSA.

40.     Defendant's failure to comply with the FLSA overtime protections caused Plaintiff and those similarly situated to suffer loss of wages and interest thereon.

41.     Plaintiff and those similarly situated are entitled to unpaid overtime, liquidated damages, pre and post judgment interest, and attorney fees and costs, under the FLSA.

## **DEMAND FOR JURY TRIAL**

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby requests a jury trial for all issues triable by jury, including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

## **RELIEF SOUGHT**

**WHEREFORE**, the premises considered, Plaintiff, individually and on behalf of those similarly situated, respectfully prays for relief as follows:

A. An order permitting this case to proceed as a collective action under 29 U.S.C. § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

B. Judgement against Defendant for violation of the overtime provisions of the FLSA;

C. Judgment that Defendant's violations of the FLSA were willful;

D. An award to Plaintiff and those similarly situated in the amount of unpaid overtime wages and liquidated damages;

E. An award to Plaintiff in the amount of unpaid overtime wages, and liquidated damages.

F. An award of pre- and post- judgment interest;

G. An award of reasonable attorneys' fees and costs to be determined by post-trial petition;

H. Leave to add additional plaintiffs by motion, filing of written consent forms, or any other method approved by the Court; and

I. Such further relief as the Court deems necessary and appropriate.

Dated: May 13, 2022

Respectfully submitted,

By Counsel

/s/ _ Robert Powers_____
Robert Powers (VSB No. 80822)
Steven Anderson (VSB No. 93037)
MCCLANAHAN POWERS, PLLC
8133 Leesburg Pike, Suite 130
Vienna, VA 22182
Telephone: (703) 520-1326
Facsimile:  (703) 828-0205
Email: rpowers@mcplegal.com
            sanderson@mcplegal.com
            vcaballero@mcplegal.com
*Counsel for Plaintiff and the FLSA Collective*

## CERTIFICATE OF TRANSMISSION

I hereby certify that the forgoing COMPLAINT with EXHIBITS are being electronically transmitted via the CM/ECF system of the U.S. District Court for the Eastern District of Virginia at https://ecf.vaed.uscourts.gov/ on the date noted below. The requisite filing fee of $400.00 and any additional fees related to this matter are being charged to an American Express credit card concurrently with this filing.

Date: May 13, 2022

By:/s/_ Robert Powers_____
One of the Attorneys for Plaintiff
and the FLSA Collective